**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

November 21, 2018

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **R.P.-1, R.P.-2, D.P., and L.P.**

**No. 18-0658** (Randolph County 2017-JA-070, 2017-JA-071, 2017-JA-072, and 2017-JA-074)

## MEMORANDUM DECISION

Petitioner Father R.P.-3, by counsel J. Brent Easton, appeals the Circuit Court of Randolph County's June 14, 2018, order terminating his parental rights to R.P.-1, R.P.-2, D.P., and L.P.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Heather M. Weese, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2017, the DHHR filed a child abuse and neglect petition against petitioner and the mother. The DHHR alleged that the mother and her boyfriend committed acts of abuse against the children, including extreme physical abuse, locking the children in their bedroom, rationing their food, forcing them to stand in a cold shower, exposing them to domestic violence, and failing to protect them from sexual abuse by their paternal step-grandfather. According to the petition, petitioner was incarcerated on burglary charges in September of 2013 and his projected release date was May of 2019.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children and petitioner share the same initials, we will refer to them as R.P.-1, R.P.-2, and R.P.-3, respectively, throughout this memorandum decision. Finally, while L.P. was not included in this Court's scheduling order, she is petitioner's biological child and is discussed in his brief on appeal. Accordingly, this memorandum decision includes and applies to L.P.

1

The DHHR filed an amended petition in February of 2018, wherein it alleged that the children previously reported to petitioner that their paternal step-grandfather was sexually abusing D.P. However, the children stated that petitioner and the paternal grandmother took no action and threatened to punish them if they told anyone. The children also witnessed petitioner abuse drugs and engage in domestic violence with the mother in their presence. The amended petition indicated that petitioner had been released from incarceration since the filing of the first petition.

In April of 2018, the circuit court held an adjudicatory hearing. A forensic interviewer testified that she interviewed the children, who reported that they witnessed petitioner abuse drugs several times while he was not incarcerated. The interviewer stated that the children further disclosed that they witnessed their paternal step-grandfather inappropriately touching D.P. and reported the abuse to their father, who instructed them not to tell anyone or they would be punished. The children also disclosed that petitioner engaged in domestic violence against their mother. A Child Protective Services ("CPS") worker testified that petitioner was incarcerated in 2013 and was sporadically incarcerated thereafter. The CPS worker stated the children expressed fear of petitioner, disclosed physical abuse during the times he was not incarcerated, and did not want to be placed in his care. The CPS worker concluded that petitioner abused and neglected the children through his failure to properly provide for or supervise the children. After hearing evidence, the circuit court adjudicated petitioner as an abusing parent.

The circuit court held a dispositional hearing over the course of two days in May of 2018 and June of 2018. The circuit court took judicial notice of the prior testimony presented. Petitioner testified that he believed the children were being abused by the mother and insisted that he called the DHHR and West Virginia State Police to report the abuse. He requested an improvement period, reported that he had already completed some classes, such as anger management, and stated he would comply with any terms and conditions of an improvement period if he were granted one. However, petitioner minimized his actions, testified that he did not believe the children were sexually abused by their step-grandfather, and denied abusing drugs in their presence.

Two CPS workers testified as to the children's disclosures of abuse and their personal observations of the children's physical injuries. One worker testified that none of the children desired to be placed with petitioner. After hearing evidence, the circuit court denied petitioner's motion for an improvement period, finding that he denied the conditions of abuse and neglect, did not believe the children's disclosures, and failed to accept responsibility for his actions. As such, the circuit court noted that an improvement period would only delay permanency for the children. The circuit court further found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination was necessary for the children's welfare. It is from the June 14, 2018, dispositional order that petitioner appeals.[2]

_____

[2]Both parents' parental rights were terminated below. R.P.-1 and R.P.-2 were placed together in a foster home with a permanency plan of adoption therein. D.P. and L.P. were placed together in another foster home with a permanency plan of adoption therein.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating his parental rights without first granting him an improvement period. According to petitioner, the "overwhelming majority" of the abuse was inflicted against the children by the mother and her boyfriend. Petitioner avers that he repeatedly notified the DHHR of the abuse and, upon his release from prison, worked to obtain housing and employment in an effort to regain custody of the children. We find no merit in petitioner's argument.

We have held that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements."). We have further held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period. . . .'" *In re Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, petitioner failed to demonstrate that he was entitled to an improvement period. The circuit court adjudicated petitioner, in part, upon the children's credible reports that petitioner ignored their disclosures of sexual abuse and threatened to punish them if they reported the issue to anyone else. Despite this finding, during the dispositional hearing, petitioner denied abusing drugs in front of the children and testified that he did not believe the children's consistent disclosures of sexual abuse. We have previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

3

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). Because petitioner failed to acknowledge the conditions of abuse, he effectively rendered an improvement period an exercise in futility at the children's expense. Accordingly, we find no abuse of discretion in the circuit court's decision to deny petitioner an improvement period.

We further find no error in the circuit court's decision to terminate petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child. . . .

The record demonstrates that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Petitioner failed to acknowledge the conditions of abuse by denying the children's disclosures of sexual abuse and claiming their reports of his drug abuse were "lies." As such, petitioner's refusal to acknowledge his actions rendered him unable to follow through with any services designed to correct the conditions of abuse. Despite petitioner's argument that he would comply with services and address the DHHR's concerns, we have held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened. . . ." *Cecil T.*, 228 W.Va. at 89, 717 S.E.2d at 873, Syl. Pt. 4, in part (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980)). Moreover,

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W.Va. Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W.Va. Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). Having reviewed the record, we find that there was no reasonable likelihood that petitioner could correct the conditions of

abuse in the near future due to his continued refusal to acknowledge the same. Further, none of the children desired to be reunited with petitioner and we find that termination of petitioner's parental rights was necessary for their welfare. Accordingly, we find no error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 14, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment